UNITED STATES *v.* TATE (No. 162).[1]

LITHOGRAPHIC PRINTS—SURFACE-COATED PAPER.

Thin, flat pieces of surface-coated paper, with pictures or designs lithographically printed thereon, and of such dimensions as to admit on proper manipulation of being made into box covers and designed for that use, are classifiable either as surface-coated papers printed under paragraph 398, or as lithographic prints under paragraph 400, tariff act of 1897. Conformably, however, to section 7 of that act requiring the higher rate to be imposed, they are dutiable under paragraph 400 as lithographic prints.—Devoy *v.* United States (147 Fed. Rep., 765) distinguished.

United States Court of Customs Appeals, April 11, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York, Abstract 22161 (T. D. 30122).

[Reversed.]

*D. Frank Lloyd*, Assistant Attorney General (*Martin T. Baldwin* on the brief), for the United States.

*D. Macon Webster* for appellee.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

The issue here is whether certain so-called box tops made of paper, under 0.008 of an inch in thickness and lithographically printed, are

---

[1] Reported in T. D. 31501 (20 Treas. Dec., 726).

dutiable as surface-coated papers printed, under paragraph 398 of the tariff act of 1897, or as lithographic prints, under paragraph 400 of that act.

As there is no claim made that the Board of General Appraisers erred in its finding of fact as to the characteristics of the importations, we quote therefrom:

> We find from the testimony offered in these cases that the goods are paper articles designed for the covering of boxes and made by lithographically printing a picture or design upon surface-coated paper. As imported each picture or design is a separate article shaped or adapted for a box of a particular size, and designed to be cut out and folded to form the top and sides of a box cover.

The collector had assessed the importations under paragraph 400. The board, feeling bound to follow the decision of the circuit court in Devoy *v.* United States (147 Fed. Rep., 765), in which case the same question was involved, sustained the protest and held the merchandise dutiable as surface-coated paper not specially provided for.

In some cases decided by it before the Devoy case was decided in the circuit court the board had apparently held like articles to be dutiable as lithographic prints.

So far as appears in this case the merchandise is not commercially designated either as surface-coated paper or as lithographic prints, but we think the evidence shows its commercial designation to be box tops, for which it is conceded there is no *eo nomine* provision in said tariff act.

It is conceded that before being subjected to the lithographic processes the paper used was surface-coated paper, and the result of such processes has been to print thereby certain pictures or designs thereon.

The pertinent provisions of the respective paragraphs are as follows:

> 398. Surface-coated papers not specially provided for in this act, two and one-half cents per pound and fifteen per centum ad valorem; if printed, or wholly or partly covered with metal or its solutions, or with gelatin or flock, three cents per pound and twenty per centum ad valorem. * * *
>
> 400. Lithographic prints from stone, zinc, aluminum or other material, bound or unbound (except cigar labels, flaps, and bands, lettered, or otherwise, music and illustrations when forming a part of a periodical or newspaper and accompanying the same, or if bound in or forming a part of printed books, not specially provided for in this act), on paper or other material not exceeding eight one-thousandths of one inch in thickness, twenty cents per pound; * * * lithographic prints from stone, zinc, aluminum or other material, on cardboard or other material, exceeding twenty one-thousandths of one inch in thickness, six cents per pound. * * *

In the Devoy case the board held the merchandise to be lithographic prints. Further evidence was taken in the circuit court which tended to show that it was commercially designated as surface-coated paper, and we infer the decision of the circuit court was based upon the

ground that the articles were commercially known as surface-coated paper and not lithographic prints. There being no such commercial designation shown here, we do not consider that decision, which reverses the board without any discussion of the case, an authority on the issue before us.

It is obvious that to produce a lithographic print there must be some object used capable of receiving and retaining the impression and other effects of the lithographic processes. It appears from the evidence that a large proportion of whatever articles are used for this purpose is surface-coated paper.

The articles involved in this case, as appears by the official exhibits before us and by the testimony, are thin, flat pieces of surface-coated paper of different sizes, the largest being approximately 11 by 12 inches, some being much smaller, and all of such dimensions as to enable them by proper manipulations to be made into box covers, upon the tops or sides or both of which when made into covers the results of lithography, namely, pictures or designs, appear. We are unable to see why they are not lithographic prints in fact within the meaning of paragraph 400. Indeed, it is not suggested by counsel that they are not lithographic prints, nor is it pointed out how any lithographic prints made on surface-coated paper could for tariff purposes be lithographic prints if these are not. On the other hand, it is manifest that these pieces of paper are surface-coated papers, printed, and we think they may be classified under either paragraph.

It might with much force be urged that the term lithographic prints in paragraph 400 is, in view of the apparent design of Congress as manifested thereby to include therein all the lithographic prints enumerated whether upon paper or cardboard, a narrower provision than the term surface-coated papers, printed, in paragraph 398; and that the word *printed* in paragraph 398 refers to printing generally, while paragraph 400 refers specifically to the products of lithographic printing.

In the case at bar we infer, from the record, the attitude of parties, and arguments advanced, that so far as relates to the merchandise under consideration the rate provided in paragraph 400 is higher than that in paragraph 398, and it being classifiable under either paragraph, we prefer to rest our decision of the case upon the provision in section 7 of the act of 1897 that—

    * * * If two or more rates of duty shall be applicable to any imported article, it shall pay duty at the highest of such rates.

The judgment of the Board of General Appraisers is therefore *reversed.*

MONTGOMERY, Presiding Judge, and HUNT, SMITH, and DE VRIES, Judges, concur.